USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of

Monika Niedbalski,

For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings

Case No. 21 Misc. 747

# [PROPOSED] ORDER GRANTING APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

THIS CAUSE came before the Court upon the Application of Monika Niedbalski for judicial assistance, pursuant to 28 U.S.C. § 1782, in obtaining documentary and testimonial evidence for use in foreign proceeding. The Court, having considered the Section 1782 Application, the Declaration of Canadian lawyer Jonathan Rossall Q.C. and accompanying Exhibit, and otherwise being fully advised in the premises, finds as follows:

A. Applicant has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief.

B. For purposes of the instant Application, the following financial institutions reside or are found in the Southern District of New York: HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; Bank of America, N.A.; City National Bank; Barclays Bank PLC; Deutsche Bank Trust Co. Americas; Wells Fargo Bank, N.A.; UBS AG; Standard Chartered Bank; Commerzbank AG, New York Branch; and The Clearing House Payments Company LLC (the "Respondents").

C. The documentary and testimonial discovery sought through this Application is for use in a filed Canadian Civil Proceeding against Walton International Group Inc. et, al. ("WIGI"), Court File No. CV-21-00657686-0000 (the "Alberta Proceeding").

D.  The Applicant is an interested person within the meaning of the statute, in its capacity as a plaintiff in the foreign proceeding.

E.  The discretionary factors, as described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* (542 U.S. 241, 247 (2004)), weigh in favor of granting the requested assistance.

F.  More particularly: (1) the Respondents are not expected to become parties to the Alberta Proceeding, thus, the need for this discovery is more apparent; (2) the Application does not circumvent any evidentiary restrictions under the laws of Alberta, Canada; (3) there is no indication that the foreign tribunal would not be receptive to U.S. federal-court judicial assistance as requested in the Application; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the type normally produced by financial institutions as third parties in litigation.

Accordingly, it is hereby **ORDERED** and **ADJUGED** as follows:

1.  The Application is **GRANTED**.

2.  Any Discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure, **including Fed. R. Civ. P. 45(a)(4).**

3.  The Applicant's request for leave to conduct discovery including, but not limited to, leave to serve subpoenas in substantially similar form as the form attached to the Application and to take testimony is **GRANTED**.

4.  The Applicant's request to be appointed as the person with the power to administer any necessary oath and take testimony or a statement is **GRANTED**.

5.  The Respondents are ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until such time as Applicant communicates to them that the preservation is no longer necessary or until further order of this Court.

6.  Applicant is further authorized to issue and serve additional follow-up subpoenas on the Respondents as may be necessary to obtain the documentary and testimonial evidence for use in the Alberta Proceeding.

7.  Applicant is not required to serve the Application upon WIGI, the Discovery Subjects, as defined in the Declaration of Jonathan Rossall Q.C., and the Respondents.

8.  Applicant **shall serve this Order on the Respondents and the Discovery Targets along with the subpeonas**.

9.  Nothing in this Order should be construed to prevent or otherwise foreclose Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

IT IS SO ORDERED, this __15__ day of __October__, 2021.

_____
**BARBARA MOSES**
**UNITED STATES MAGISTRATE JUDGE**