UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE APPLICATION OF MONIKA
NIEDBALSKI, FOR AN ORDER PURSUANT      21-mc-747 (JGK)
TO 28 U.S.C. § 1782 TO CONDUCT
DISCOVERY FOR USE IN FOREIGN           MEMORANDUM OPINION
PROCEEDINGS                            AND ORDER

---

**JOHN G. KOELTL, District Judge:**

The applicant, Monika Niedbalski, brought this action pursuant to 28 U.S.C. § 1782 to compel various banks to produce records for use in a foreign proceeding in Alberta, Canada (the "Alberta Action"). On October 15, 2021, Magistrate Judge Moses granted the Section 1782 application. ECF No. 7 ("October 15 Order"). On November 9, 2021, Walton International Group, Inc. ("Walton") filed a motion to intervene in the action as an interested party in the Alberta Action and a motion for reconsideration of Magistrate Judge Moses's October 15 Order. On May 8, 2023, Magistrate Judge Moses issued a Report and Recommendation recommending that Walton's motion to intervene be granted, but that Walton's motion to reconsider and vacate the October 15 Order be denied, and reaffirming that the Section 1782 application be granted. ECF No. 28 at 16.

Walton has now filed objections to Magistrate Judge Moses' Report and Recommendation. For the following reasons, the

objections are **overruled,** and the Court adopts the Report and Recommendation.

**I.**

"Although a magistrate may hear dispositive pretrial motions, [s]he may only submit proposed findings of fact and recommendations for disposition of the matter." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). A district judge reviews de novo a Magistrate Judge's Report and Recommendation, and must "arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made." Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985).[1]

For "nondispositive pretrial matters, . . . the magistrate may issue orders." In re Hulley Enters. Ltd., 400 F. Supp. 3d 62 69 (S.D.N.Y. 2019). "A district judge may only set aside or modify a portion of a Magistrate Judge's ruling on a non-dispositive pretrial matter if [it] can be shown that the magistrate's order is clearly erroneous or contrary to law." Fed. Republic of Nigeria v. VR Advisory Servs., Ltd., No. 21-mc-7, 2023 WL 2477889, at *1 (S.D.N.Y. Mar. 13, 2023). Rulings on

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

2

pretrial matters, including discovery, "generally are considered 'nondispositive.'" Thomas E. Hoar, Inc., 900 F.2d at 525.

The proper standard of review to be applied to orders granting Section 1782 applications is unsettled in this Circuit. In a recent unreported order, the Court of Appeals for the Second Circuit remanded a Magistrate Judge's order denying a Section 1782 application to the district court to be "treated as a report and recommendation" for which "appropriate proceedings can be held." Associacao dos Profissionais dos Correios v. Bank of N.Y. Mellon Corp., No. 22-2865, 2023 WL 3166357, at *1 (2d Cir. Mar. 28, 2023). However, the Court of Appeals' decision in that case was non-precedential, and prior to that decision, "the majority of [district] courts [found] that rulings on § 1782 applications are not dispositive." In re Hulley Enters., 400 F. Supp. 3d at 71 (collecting cases). Moreover, while an "order denying discovery in a Section 1782 application" would be dispositive because denying a Section 1782 application "dismiss[es] the . . . application" and "wholly dispose[s]" of it, Fed. Republic of Nigeria, 2023 WL 2477889, at *1, an order granting a Section 1782 application leaves open the possibility that a district court may order further discovery and does not "necessarily dispose[] of the ultimate relief sought in the federal case," cf. CPC Patent Techs. Pty Ltd. v. Apple, Inc., 34 F.4th 801, 808 (9th Cir. 2022). In this case, the Magistrate

3

Judge's order granted the application, and the appropriate standard of review to be applied to the order is unclear. To relieve this uncertainty, the Magistrate Judge issued a Report and Recommendation, taking the conservative view that a decision granting a Section 1782 application may be dispositive. ECF No. 28 at 1 n.1.

Even applying the de novo standard of review, the Report and Recommendation should be adopted. Walton does not challenge the portion of the Magistrate Judge's Report and Recommendation allowing it to intervene and does not challenge the legal principles applied by the Magistrate Judge in her analysis of the motion for reconsideration. The Magistrate Judge correctly applied the relevant statutory requirements for a Section 1782 application, see ECF No. 28 at 7-8, and also analyzed thoroughly the discretionary factors provided by Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-66 (2004). See ECF No. 28 at 10-15. Because the statutory criteria were satisfied and because the discretionary Intel factors "all weigh[ed] in favor" of the applicant, Magistrate Judge Moses concluded that the application should be granted. Id. at 16.

Walton argues that the applicant does not actually seek the documents for use in the Alberta Action. This argument was not made on the motion for reconsideration and would therefore be an improper basis to reject the Report and Recommendation. See

4

<u>Piligian v. Icahn Sch. Of Med. at Mount Sinai</u>, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all."); <u>United States v. Gladden</u>, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) ("[A] district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.").

In any event, Walton's argument is conclusory and unsupported. Walton cites cases for the proposition that a Section 1782 application should be denied if there is evidence that the discovery sought is not truly for use in a foreign proceeding, but those cases are inapposite because there is no evidence in this case that the applicant does not intend to use the produced discovery in the Alberta Action. See, e.g., <u>In re Postalis</u>, No. 18-mc-497, 2018 WL 6725406, at *3 (Dec. 20, 2018). In <u>Postalis</u>, the applicant "admitted that the purpose of [the] discovery application is for [the applicant] to obtain discovery that [the applicant] can use to plead a new action against [the opposing party] in the United States," "has publicly stated its hope to bring a lawsuit against [the discovery target]," and "has affirmed that the present discovery application will assist . . . in bringing such a lawsuit." <u>Id.</u> In this case, Walton

5

concedes that there is no such smoking gun evidence. See Objection, ECF No. 29, at 4-5 ("Applicant has made no statements to contradict her assertion that the discovery of [Walton's] bank records was for use in the Alberta Action."). Instead, Walton speculates that the applicant does not intend to use the documents in the Alberta Action because the applicant has moved that action along slowly and did not serve the Statement of Claim on Walton before Walton filed its defense in that action.

Without more, the slow progression of the Alberta Action does not indicate bad faith on the part of applicant. The applicant represents that "the Statement of Claim was initially filed in order to 'stay' the 'Limitations Period' and thereby afford the Plaintiffs the necessary time to complete their investigation prior to serving [Walton] with the Statement of Claim." Niedbalski Decl., ECF No. 31, ¶ 4. There is no evidence that contradicts this representation, and it is plausible that the applicant needs more information, including through the discovery of certain materials through this Section 1782 application, to proceed with the Alberta Action. Because there is no evidence that the applicant intends to use the discovery to pursue goals unrelated to the Alberta Action, this case is unlike the cases cited by Walton where "public statements" by the applicant rendered the "assertions that the requested

6

discovery is for use in the [foreign] proceedings . . . not credible." In re Postalis, 2018 WL 6725406, at *4.

The statutory requirement of 28 U.S.C. § 1782 that the requested discovery be "for use in a proceeding in a foreign or international tribunal" means that the discovery "will be employed with some advantage or serve some use in the proceeding." Mees v. Buiter, 793 F.3d 291, 298-99 (2d Cir. 2015). The applicant represents that "the majority of the relevant transactions [in this case] were transacted by United States intermediary banks." Niedbalski Decl. ¶ 12. These intermediary banks are the target of this Section 1782 application, and the applicant represents that the documents produced are needed to "successfully prosecute [the applicant's] claims in the Alberta Action." Id. ¶ 15. Based on these representations, it is plain that the discovery sought "will be employed with some advantage or serve some use" in the Alberta Action. Mees, 793 F.3d at 298. In any event, on the motion for reconsideration, Walton did not argue that the applicant did not intend to use the discovery in a foreign proceeding, and "concede[d] by its silence that the Application satisfies the statutory requirements." ECF No. 28 at 8.

Accordingly, the objections filed by Walton are unpersuasive and unsupported by any evidence, and are **overruled.** The Court finds that the Report and Recommendation issued by

7

Magistrate Judge Moses is well-reasoned and correct, and therefore the Court adopts the Report and Recommendation.

## CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the objections to the Report and Recommendation are **overruled.**

The Court adopts the Report and Recommendation issued by Magistrate Judge Moses. Walton's motion to intervene is **granted**, and its motion to reconsider and vacate the October 15 Order is **denied.** The Clerk is directed to close all pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         July 7, 2023

                                    _____
                                    John G. Koeltl
                                    United States District Judge